# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE E. CARTER,**

    **Petitioner,**

v.                                                 **Civil Action No. 1:06cv74**
                                                                                **(Judge Keeley)**

**EDWARD F. REILLY, Chairman**
**United States Parole Commission,**
**JOYCE FRANCIS, Warden,**

    **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

The petitioner initiated this action on May 11, 2003, by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(A).

**A. The Petition**

In the petition, the petitioner challenges two decision of the United States Parole Commission to deny him parole release. Specifically, the petition alleges the following:

1. On October 24, 2002, the petitioner received an initial parole hearing while incarcerated at FCI-Edgefield in South Carolina. At that hearing, it was determined that the petitioner's parole guideline range was 267-293 months. Because the petitioner had only served 201 months at that time, he was denied parole and continued to a three-year reconsideration date.

2. On September 15, 2005, the petitioner filed suit in this Court, challenging in part, the computation of his sentence by the Bureau of Prisons ("BOP"). See case number 1:05cv130.

3. On March 22, 2006, the petitioner received his parole reconsideration hearing while

incarcerated at FCI-Gilmer in Glenville, West Virginia. With regard to that proceeding, the petitioner alleges the following violations or improprieties:

    a) his initial parole hearing was delayed beyond his parole eligibility date;

    b) he was denied parole in retaliation for the filing of other lawsuits;

    c) his case manager did not properly represent his interests;

    d) the hearing examiner was overly concerned with his prior convictions,

    e) his due process and liberty interests were violated when the hearing examiner considered both his base point score and total score in determining his parole guideline range;

    f) the hearing examiner violated his due process rights by not following the appropriate procedures and regulation;

    g) the Commission's decision to depart from the guidelines was arbitrary and capricious;

    h) the rehearing was conducted under false pretenses; and

    i) he was improperly denied an award of good time credit for program achievement.

On June 23, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. Accordingly, the respondents were directed to show cause why the petition should not be granted.

**B.  The Respondents' Response**

On August 15, 2006, the respondents filed a Response to Order to Show Cause in which they assert that the petitioner has failed to show that his constitutional rights were violated with regard to the two parole proceedings, and requests the petition be dismissed with prejudice. More specifically, the respondents assert:

    1. The petitioner has failed to show that his prior litigation was a factor in the Commission's

decision to deny him parole. To the contrary, the respondents assert that the record of the proceedings show that the decision to deny the petitioner parole was based on the nature of his criminal behavior, his prior criminal history, his prison conduct record and the assessment of the petitioner's case under the D.C. parole guidelines.

2. There is no merit to the petitioner's contention that his initial parole hearing was delayed beyond his parole eligibility date. In fact, the petitioner's initial parole hearing was held three months prior to his parole eligibility date of January 11, 2003.

3. The petitioner has no liberty interest in parole.

4. The Commission's decision could not be considered "double-counting" because its decision did not go outside the guideline range.

5. Whether or not the petitioner is entitled to a reduction in his guideline range is a decision within the discretion of the Commission. The petitioner was considered for such a reduction, but ultimately, the Commission, in its discretion, chose not to award the petitioner such credit.

C. **The Petitioner's Reply**

On August 29, 2006, the petitioner filed a reply. In his reply, the petitioner asserts:

1. His initial parole eligibility date was miscalculated due to an error in the computation of his sentence.[1]

2. During his initial parole hearing his prior bad acts were considered against him. The petitioner asserts that the use of such acts were improperly admitted pursuant to Rule 404(b) of the Federal Rules of Civil Procedure.[2]

---

[1] This issue was partially litigated in case number 1:05cv130. During those proceedings, it was discovered that the D.C. Court vacated one of the petitioner's prior sentences. Therefore, the petitioner's sentence was recalculated, resulting in a earlier initial parole eligibility date . However, the mistake by the D.C. Court, and subsequent vacatur of the erroneous order, happened well after the petitioner's initial parole eligibility date. Thus, at the time the petitioner was given his initial parole eligibility hearing, that date was properly calculated based on the valid records in the petitioner's inmate file. In case number 1:05cv130, petitioner himself acknowledges that he did not even know of the erroneous judgment until sometime in 2004. Thus, the initial parole eligibility date was properly calculated at the time. Neither the Commission, nor the Bureau of Prisons could have foreseen the vacatur of what appeared to be a valid Judgment and Commitment Order.

[2] The undersigned notes that the Federal Rules of Civil Procedure are not applicable to a parole revocation hearing.

3. The decision of the Commission to deny him parole at his 2006 reconsideration hearing was arbitrary and capricious.

4. The D.C. parole guidelines create a liberty interest in parole.[3]

5. The Commission disregarding the D.C. parole guidelines and regulations when it determined the petitioner's parole release prognosis and denied him parole.

6. His rehearing was "misconducted" under the D.C. parole regulations.

7. He met the specific criteria to be granted credit for program achievement and that he should not have been denied parole.

On October 12, 2007, the petitioner filed a Motion to Expedite his habeas corpus proceedings.

**D.   The Respondents' Supplemental Response**

On November 5, 2007, the respondents filed a Supplemental Response to Order to Show Cause to inform the Court that action was taken by the BOP that affects the petitioner's parole proceedings. Specifically, the respondents asserted that the Commission reopened the petitioner's parole case for a special reconsideration hearing in light of the vacatur of one of the petitioner's D.C. convictions, and the BOP's subsequent recalculation of the petitioner's sentence. Because the respondent also suggested that the claims raised in the instant petition were mooted by the granting of a new parole consideration hearing, on November 11, 2007, the Court directed the petitioner to show cause why his case should not be dismissed.

**E.   The Petitioner's Objections to the Dismissal of his Case as Moot**

On November 19, 2007, the petitioner objected to having his case dismissed as moot. Specifically, the petitioner asserts that his case is not moot because the Commission has only granted

---

[3] It is well established that the D.C. parole guidelines do not create a liberty interest in parole. See Price v. Barry, 53 F.3d 369, 370 (D.C.Cir. 1995).

him a special reconsideration hearing after twice conducting improper parole proceedings. The petitioner suggests that any other consideration will likewise be conducted improperly. In addition, the petitioner argues that the real purpose of his special reconsideration hearing is simply the Commission's attempt to cover-up its prior wrongdoing. Therefore, the petitioner requests that his case not be dismissed as moot.

**F.   The Respondents' Second Supplemental Response**

On March 3, 2008, the respondents filed a Second Supplemental Response to Show Cause Order in which they inform the Court that the petitioner's special parole reconsideration hearing was held on November 20, 2007. In addition, the respondent attaches a copy of the Commission's action with regard to that hearing. See Dckt. 30 at Ex. 1. According to the Notice of Action, the petitioner has now been granted a parole eligibility and is scheduled for release to parole on January 19, 2009, after service of 277 months.[4] Id.

## II.   Analysis

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, the petitioner challenges the timing of his initial parole proceedings and the procedures

---

[4] Petitioner's total guideline range was recalculated without consideration of the vacated Judgment. The petitioner's new parole guideline range is now 253-277 months. At the time of the special reconsideration hearing, the petitioner had served 263 months imprisonment. Although the petitioner is currently within his total guideline range, the Commission, in its discretion, has determined that service of the upper end of the guideline is required prior to release to parole. The petitioner has not challenged the procedures or decisions of the Commission at this special reconsideration hearing.

5

and decisions of the Commission at his reconsideration hearing in 2006. As relief, the petitioner requests "habeas corpus relief." The undersigned notes that the only habeas relief available to the petitioner for the stated allegations would be rehearing. See Billiteri v. United States Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976) ("the only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time . . ."). The Court is not authorized to grant the petitioner parole and release him. Even if it could, the Commission has now granted the petitioner parole eligibility and has scheduled his presumptive parole date. Thus, the Court can no longer grant the petitioner any meaningful relief as the relief available to the petitioner under § 2241 has already been granted by the petitioner's special reconsideration hearing and the Commission's decision to grant parole.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED as moot**. In light of this finding, the petitioner's Motion to Expedite (dckt. 19) is **DENIED**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208

(1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 28, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE