IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE E. CARTER,**

    **Petitioner,**

v.  //  CIVIL ACTION NO. 1:06cv74
                   (Judge Keeley)

**EDWARD F. REILLY, Chairman**
**United States Parole Commission,**
**JOYCE FRANCIS, Warden,**

    **Respondents.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 11, 2006, pro se petitioner George E. Carter ("Carter"), filed an Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging two decisions by the United States Parole Commission to deny him parole release. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

Following a series of briefings by Carter and the Respondents, the Magistrate Judge was informed that Carter had been granted a special parole reconsideration hearing on November 20, 2007, at which time he was granted parole eligibility and scheduled for release on January 19, 2009. Accordingly, on July 16, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Carter's motion under § 2241 be denied as moot and the case be dismissed. The R&R also

specifically warned that failure to object to the recommendation within ten days of receipt of service would result in the waiver of any appellate rights on this issue.  No objections were filed.[1]

The Court therefore **ADOPTS** the R&R in its entirety (dkt. no. 31), **DENIES AS MOOT** Carter's Petition for Writ for Habeas Corpus under § 2241 (dkt. no. 1), **DENIES AS MOOT** Carter's Motion to Expedite (dkt. no. 19) and **ORDERS** the case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: August 20, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented.  See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).